Filed 11/18/24  P. v. Sanchez CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G063888 |
| v. | (Super. Ct. No. INF1100417) |
| JESSE DANIEL SANCHEZ, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Riverside County, John D. Molloy, Judge. Affirmed. Request for judicial notice granted.

James R. Bostwick, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal, James M. Toohey, and Randall D. Einhorn, Deputy Attorneys General, for Plaintiff and Respondent.

\*       \*       \*

In 2012, a jury convicted Jesse Daniel Sanchez of second degree murder and being a felon in possession of a firearm; it also found he personally and intentionally discharged a firearm causing great bodily injury or death. In 2023, Sanchez petitioned for resentencing under Penal Code[1] section 1172.6, which limits accomplice liability under the felony-murder rule and the natural and probable consequences doctrine.

During the prima facie hearing on Sanchez's petition, counsel for the prosecution and the defense agreed the jury was not instructed on the felony-murder rule, the natural and probable consequences doctrine, or any other imputed malice theory. Based on counsels' representations, the trial court denied Sanchez's petition.

Sanchez argues the trial court erred because the record did not contain a copy of the jury instructions, and the court improperly relied on counsels' representations about those instructions. We are not persuaded. Sanchez cites no authority barring the court from relying on counsels' representations about the instructions given. And to the extent the court erred, any alleged error was harmless. We have reviewed the jury instructions and confirmed the jury was not instructed on any imputed malice theory, so it is not reasonably probable there would be a different outcome if the court had personally reviewed the instructions.

---

[1]  All further statutory references are to this code.

2

## STATEMENT OF FACTS

In 2012, a jury convicted Sanchez of second degree murder (§ 187, subd. (a)) and being a felon in possession of a firearm (§ 12021, subd. (a)(1)). The jury also found true that Sanchez personally used a firearm (§ 12022.53, subd. (b)), personally and intentionally discharged a firearm (§ 12022.53, subd. (c)), personally and intentionally discharged a firearm causing great bodily injury or death to another person (§ 12022.53, subd. (d)), and personally used a firearm (§ 12022.5, subd. (a)).

The trial court sentenced Sanchez to 15 years to life for the murder, plus a consecutive term of 25 years to life for the firearm enhancement under section 12022.53, subdivision (d). The court imposed a two-year concurrent term for being a felon in possession of a firearm and stayed the terms on the remaining enhancements. We affirmed the judgment in 2014. (*People v. Sanchez* (June 30, 2014, G049900) [nonpub. opn.].)

In 2023, Sanchez filed a petition for resentencing pursuant to section 1172.6. The trial court appointed counsel for Sanchez and held a prima facie hearing on his petition. During the hearing, the prosecutor advised the court that his office provided defense counsel with copies of the jury instructions and "[t]here's nothing [in the instructions] regarding aiding and abetting, natural and probable consequences, felony murder, conspiracy, or any other theory by which malice could be imputed to the defendant." Sanchez's counsel confirmed he had reviewed the instructions and stated, "those instructions were not given. I'll submit."

The trial court denied Sanchez's petition without further discussion. Sanchez filed a notice of appeal.

# DISCUSSION

## I.

### APPLICABLE LAW

Under prior law, a person who committed a murder in the perpetration of certain enumerated inherently dangerous felonies was guilty of first degree murder, even if the killing was unintentional or accidental. (*People v. Cavitt* (2004) 33 Cal.4th 187, 197; *People v. Ervin* (2021) 72 Cal.App.5th 90, 94.) Additionally, a person who knowingly aided and abetted a nonhomicide crime was guilty of any murder that was the natural and probable consequence of the intended crime, irrespective of the aider and abettor's mens rea. (*People v. Gentile* (2020) 10 Cal.5th 830, 845; *People v. Chiu* (2014) 59 Cal.4th 155, 164-167; *People v. Medina* (2009) 46 Cal.4th 913, 920.)

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437), which limited the scope of the felony-murder rule and eliminated natural and probable consequences liability for murder as it applies to aiding and abetting. (See *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) The bill's stated purpose was "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (*Id.* at p. 958.) Effective January 1, 2022, Senate Bill No. 775 (2021-2022 Reg. Sess.) extended the possibility of relief to individuals who were convicted of murder pursuant to any "other theory under which malice is imputed to a person based solely on that person's participation in a crime." (See § 1172.6, subd. (a)(1).)

4

An individual convicted under the former laws of murder may petition for resentencing if his or her conduct would not constitute murder as redefined under current law. (§ 1172.6, subd. (a).) If the petition is properly pleaded, the trial court must appoint counsel, accept briefing by the parties, and conduct a prima facie analysis of the petitioner's eligibility for resentencing. (*Id.*, subds. (b)(3) & (c).)

The "trial court can rely on the record of conviction in determining whether [a] prima facie showing is made." (*Lewis, supra,* 11 Cal.5th at p. 970.) But its inquiry is otherwise "limited": it must accept the petition's factual allegations as true and assess whether the petitioner would be entitled to relief if those allegations were proven. (*People v. Lopez* (2022) 78 Cal.App.5th 1, 13 (*Lopez*).) The court may not reject the petitioner's allegations on credibility grounds, engage in factfinding, weigh the evidence, or exercise any discretion, unless the record contains facts refuting the petition's allegations, in which case the court may make a credibility determination adverse to the petitioner. (*Lewis,* at p. 971.) As the Supreme Court observed, the prima facie bar is "'very low.'" (*Id.* at p. 972.)

Even so, a prima facie showing is not made if the record of conviction demonstrates the petitioner is ineligible for relief as a matter of law. (*Lopez, supra,* 78 Cal.App.5th at p. 14.) For example, if the jury instructions show that jurors were not instructed on any theory of liability affected by Senate Bill 1437, or if the record of conviction otherwise shows the conviction was based on a theory of liability that remains valid under Senate Bill 1437, the trial court may deny the petition at the prima facie stage. (*People v. Allen* (2023) 97 Cal.App.5th 389, 395.)

A determination that a petitioner is ineligible for relief as a matter of law is a legal conclusion, which we review de novo. (*Lopez, supra,*

5

78 Cal.App.5th at p. 14.) Any procedural errors made under section 1172.6 are subject to the *Watson* harmless error analysis, meaning the petitioner must show there is a reasonable probability he or she would have obtained a more favorable result had the trial court not erred. (*Lewis, supra*, 11 Cal.5th at p. 973, citing *People v. Watson* (1956) 46 Cal.2d 818, 836.)

II.

ANALYSIS

Sanchez contends the summary denial of his petition was improper because the trial court did not have the jury instructions in its record; instead, the court relied on counsels' representations about the contents of those instructions. According to Sanchez, such a record is insufficient to establish that his conviction remains valid under current law.

We find no error. As a preliminary matter, Sanchez cites no authority barring a trial court from relying on counsels' unanimous representations regarding the contents of the jury instructions, and we have found none. We agree, the better practice would have been for the court to review the instructions. But in the absence of any statutory or case authority requiring that review, if counsel on both sides agree about the contents of those instructions, we see no harm in the court's reliance on counsels' representations. Indeed, a contrary rule would impede judicial economy.

In any event, the alleged error is harmless. During briefing in this appeal, the Attorney General asked us to take judicial notice of the jury instructions in the underlying trial. (See Cal. Rules of Court, rule 8.252.) We grant that motion, and after reviewing the jury instructions, we agree with counsel below that the jury was not instructed on felony murder, the natural and probably consequences doctrine, or any other theory of imputed malice. The jury instructions show Sanchez was prosecuted for second degree murder

6

with malice, making him ineligible for resentencing as a matter of law. Accordingly, Sanchez cannot show a reasonable probability that the trial court would have ruled differently had it personally reviewed the jury instructions.

## DISPOSITION

The order is affirmed.


GOETHALS, J.

WE CONCUR:


MOORE, ACTING P. J.


SANCHEZ, J.

7